# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY DEHART** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-3512** |
| **DOLLAR GENERAL, L.L.C., ET AL.** | **SECTION I/4** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, Dolgencorp, L.L.C. ("Dollar General").[1] Plaintiff, Mary DeHart, opposes the motion. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On January 30, 2009, plaintiff filed this lawsuit in Louisiana state court seeking to recover for injuries she allegedly sustained on May 23, 2008, when she slipped and fell in a Dollar General store.[2] Defendant, Dollar General L.L.C., removed the case to this Court on April 30, 2009.[3]

Plaintiff alleges that her injuries were caused by Dollar General's failure to clean up a clear liquid from one of its aisles on the day in question.[4] On December 1, 2009, Dollar General filed this motion for summary judgment arguing that plaintiff has not established that Dollar General had actual or constructive notice of the spill prior to plaintiff's accident.[5]

---

[1] R. Doc. No. 22.
[2] R. Doc. No. 1-2, pp. 7-8.
[3] R. Doc. No. 1-2, p. 1.
[4] R. Doc. No. 1-2, p. 7.
[5] R. Doc. No. 22.

1

*LAW AND ANALYSIS*

I.  **STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a

genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II. DISCUSSION

Pursuant to Louisiana law, in order to maintain a cause of action based on a slip and fall accident, plaintiff bears the burden of establishing the following three elements: (1) the dangerous condition on the defendant's premises presented an unreasonable risk of harm and the risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. § 9:2800.6(B). "Constructive notice means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. § 9:2800.6(C)(1).

Although there is no minimum time requirement for which the condition must be present, plaintiff must show the existence of "some time period." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084-85 (La. 1997). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." Id. This requirement is known as the "temporal element." Id. Circumstantial evidence may be used to establish a reasonable inference that the temporal element is satisfied. Ceasar v. Wal-Mart Stores, Inc., 787 So.2d 582, 585 (La.App. 3 Cir. 2001), writ denied 799 So.2d 1143 (La. 2001).

Plaintiff presented evidence that Dollar General had constructive notice of the spilled cleaning fluid that allegedly caused her fall.[6] The deposition testimony of Patrice LeBoeuf, the cashier working at Dollar General on the day of the accident, suggests that Dollar General either knew or should have known about the spill. LeBoeuf testified that approximately fifteen minutes[7] before plaintiff's accident, a customer purchased a bottle of cleaning fluid.[8] When LeBoeuf attempted to scan the bottle, fluid spilled all over her hands from a broken cap.[9] LeBoeuf noticed that the bottle was half empty[10] and that it was "obvious" that the bottle had been leaking in the customer's shopping cart as well.[11]

When the customer presented a half-empty bottle with a cracked cap that was obviously leaking, Dollar General was put on notice that the other half of the bottle may have spilled somewhere in the store. In fact, LeBoeuf notified her manager of the spill. While the testimony is contradictory as to whether the manager went searching for the potential spill,[12] the testimony is clear that "plenty of time" elapsed for the manager to walk around the store and find the spill.[13]

---

[6] At her deposition, plaintiff testified that she slipped in Lysol Toilet Cleaner. R. Doc. No. 32-3, p. 54. Plaintiff also described the liquid that she slipped on as a clear liquid that smelled strongly of bleach. R. Doc. No. 32-3, p. 27. Because plaintiff's description of the liquid is nearly identical to LeBoeuf's description of the liquid that spilled on her hands, a reasonable inference can be made that plaintiff slipped on the same liquid. That inference is sufficient to survive summary judgment.
[7] R. Doc. No. 32-2, p. 18.
[8] R. Doc. No. 32-2, p. 13.
[9] Id.
[10] Id. at 36.
[11] Id. at 24.
[12] Compare Id. at 15, 25 with Id. at 16-17. In its reply memorandum, Dollar General argues that LeBoeuf's testimony unequivocally establishes that the manager went to search for the spill, but the manager could not find it. Although LeBoeuf was initially contradictory with respect to whether the manager went looking for the spill, she later testified that she never saw the manager go looking for the spill and that she merely presumed that the manager checked. R. Doc. No. 32-2, p. 25. While Dollar General certainly has a basis to challenge the credibility of this witness, such challenge is more appropriate at trial.
[13] Id. at 28

The temporal element is met in this case by the approximate fifteen minute period that elapsed between the discovery of the leaking bottle and plaintiff's accident.[14] A reasonable inference exists that if the bottle was leaking at checkout, it had more likely than not leaked while on the shelf.  Even if the manager did perform only a cursory check, given the fact that the cleaner smelled strongly of bleach,[15] a question of fact would still remain as to whether the manager, in the exercise of reasonable care, should have been able to find the spill.  Accordingly, a triable issue of fact exists as to whether defendant had constructive notice of the dangerous condition.[16]

### III.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the motion for summary judgment filed by defendant, Dollar General, is **DENIED**.

New Orleans, Louisiana, January 4, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[14] Id. at 18.
[15] Id. at 24.
[16] Defendant did not argue that summary judgment was appropriate based on any of the other elements of plaintiff's cause of action.